UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL HENDERSON<br>d/b/a Electrocord Publishing<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:13-cv-2794-RWS |

## COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff Michael Henderson d/b/a Electrocord Publishing ("Henderson" or "Plaintiff") files this <u>Complaint</u> against Defendant Apple, Inc. ("Apple" or "Defendant") and shows as follows:

### Jurisdictional Allegations

1.

Henderson is a Georgia resident who resides at 280 Merchant's Drive #13, Dallas, Georgia 30132.

2.

Defendant Apple, Inc. is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.  It may be served through its registered agent in Georgia, CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361.

1

3.

Defendant Apple continuously transacts significant business within the State of Georgia. Via the contributory copyright infringement alleged in this <u>Complaint</u>, Defendant committed tortious acts intended to and that did cause harm to Plaintiff in the State of Georgia. Defendant maintains systematic and continuous claim-related business contacts with Georgia as described herein. Defendant is also subject to jurisdiction pursuant to, among other sources, the Georgia Long-Arm Statute (O.C.G.A. § 9-10-91) and the principles set forth in *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).

4.

This Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

5.

Venue is proper in this judicial district.

**<u>Factual Allegations Common To All Counts</u>**

6.

Plaintiff Henderson is a famous songwriter and musician.

7.

Henderson is the author of the words and music of the famous song, "Just Shopping (not buying anything)," (the "Work") originally recorded by The Dramatics in 1975.

8.

The musical composition "Just Shopping" is the subject of a registered copyright, No. EU631916, renewed with registration number RE876706.

9.

Michael Henderson is the current owner of all applicable copyrights in "Just Shopping."

10.

Shin Sight Trio ("SST") is a music group that, upon information and belief, has its principal place of business in Tokyo, Japan.

11.

On August 18, 2010, SST released an album titled, "Somewhere Beyond the Moon," which included a song titled, "On My Mind" (the "Song").

12.

The Song features a musician rapping and singing over the entire music track of the original recording of "Just Shopping" by the Dramatics.

13.

The entire musical score of "Just Shopping" was "sampled" by SST in creating the derivative work, "On My Mind."

14.

Defendant Apple is the owner and operator of the iTunes music service ("iTunes"), which includes an online music store through which iTunes users can purchase digital music files.

15.

SST distributes the song in numerous media formats and through a number of distribution channels, including the iTunes music service.

16.

The iTunes music service has sold, copied, and distributed the Song to consumers throughout the United States and the world.

17.

At no time has SST ever possessed a license for the recording, sale, distribution or any other use of the Song.

18.

At no time has Apple ever possessed a license for the copying, sale, distribution or any other use of the Song.

19.

On or about January 9, 2013, on behalf of Plaintiff, undersigned counsel contacted Apple through its online copyright infringement complaint form, identifying the Song as an unlicensed, infringing work and demanding that Apple remove the Song from all versions of the iTunes online music store.

20.

On or about March 5, 2013, on behalf of Plaintiff, undersigned counsel contacted Apple via certified mail, identified the Song as an unlicensed, infringing work, and demanded that Apple remove the Song from all versions of the iTunes online music store.

21.

As of the date of this <u>Complaint</u>, Apple has not responded and the Song remains available for purchase on the U.S. iTunes online music store.

22.

Upon information and belief, the song remains available for purchase on all international versions of the iTunes online music store.

23.

Defendant's ongoing infringement of Plaintiff's copyrights were and continue to be willful.

24.

Plaintiff has been forced to devote substantial time and resources to address Defendant's ongoing contributory infringement of his copyrighted work.

25.

From at least January 9, 2013, Defendant has been aware of the unlawful nature of its ongoing contributory copyright infringement.  Defendant knew that its continued sale, offer for sale, distribution, and copying of the Song was without license or authorization from Plaintiff.

### <u>COUNT I</u><br><u>(CONTRIBUTORY COPYRIGHT INFRINGMENT,</u><br><u>17 U.S.C. § 501 ET SEQ.)</u>

26.

Plaintiff realleges and incorporates by reference the allegations appearing in Paragraphs 1 through 25 as if the same were set forth herein in full.

27.

Plaintiff is the owner of a valid copyright in and to the music and lyrics of the song, "Just Shopping."

28.

Defendant has sold, offered for sale, distributed, and copied the song titled, "On My Mind," which is an unlicensed derivative work based upon Plaintiff's work.

29.

Upon information and belief, Defendant entered into one or more contracts with SST in which Defendant agreed to offer for sale, sell, distribute, and copy the unlicensed derivative work.

30.

Upon information and belief, SST provided one or more copies of the infringing work to Defendant.

31.

Defendant, with full knowledge of the rights of Plaintiff, has offered for sale, sold, distributed, and copied the unlicensed derivative work to consumers in the United States and throughout the world.

32.

Pursuant to 17 U.S.C. § 201, Defendant's advertisement, sale, distribution, and copying of the unlicensed derivative work is contributory infringement of Plaintiff's lawful copyright in the musical composition, "Just Shopping."

33.

All of Defendant's actions as set forth herein were without the permission, license, or consent of Plaintiff, and have irreparably damaged Plaintiff.

34.

The acts of Defendant as set forth herein have damaged Plaintiff in an amount as yet unknown, but believed to be in excess of one hundred thousand dollars ($100,000.00).

35.

Plaintiff has no adequate remedy at law.

## COUNT II
## ATTORNEYS' FEES PURSUANT
## TO O.C.G.A. § 13-6-11

36.

Plaintiff realleges and incorporates by reference the allegations appearing in Paragraphs 1 through 35 as if the same were set forth herein in full.

37.

In relation to its wrongful acts described above, Defendant has acted in bad faith and has caused Plaintiff unnecessary trouble and expense.  As detailed above, Defendant intentionally and in bad faith continued to offer for sale, sell, distribute, and copy the unlicensed and infringing derivative work after receiving notice from Plaintiff.

38.

Plaintiff is entitled to recover all expenses and fees arising from the misconduct of Defendant giving rise to the present litigation, including the reasonable attorney fees expended by Plaintiff, pursuant to O.C.G.A. § 13-6-11.

39.

Plaintiff is entitled to recover prejudgment interest on his damages pursuant to O.C.G.A. § 13-6-13.

## COUNT III
## PUNITIVE DAMAGES PURSUANT
## TO O.C.G.A. § 51-12-5.1

40.

Plaintiff realleges and incorporates by reference the allegations appearing in Paragraphs 1 through 39 as if the same were set forth herein in full.

41.

In relation to the wrongful acts described above, Defendant has acted with willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises a presumption of conscious indifference to the consequences of their actions.

42.

Defendant knew that its intentional wrongful acts would cause substantial harm to Plaintiff. Defendant intended the consequences of its actions. The express goal of Defendant's wrongful acts was financial gain for Defendant's benefit and at Plaintiff's expense.

43.

Given the egregious and intentional nature of Defendants' conduct, Plaintiff is entitled to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to punish and penalize these Defendants, to deter these Defendants from similar future misconduct, and to deter other persons and entities similarly situated to Defendants from engaging in future misconduct like that of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant that includes:

1. That Defendant be enjoined, temporarily and preliminarily during the pendency of this action, and permanently, from infringing the Plaintiff's copyright in the work in any manner, including but not limited to, advertising, selling, distributing, copying, publishing, or promoting any goods or services that include the unlicensed infringing work;

2. That, pursuant to 17 U.S.C. § 504, Defendant be required to pay Plaintiff such damages as Plaintiff sustained as a direct consequence of Defendant's infringement, and to account for all gains, profits, and advantages derived by it from said infringement;

3. That statutory damages be assessed against Defendant, and that such damages be increased to the maximum amount allowed by law by virtue of Defendant's willful infringement;

4. That defendant pay Plaintiff's reasonable attorney fees; and

5. That Plaintiff have such other and further relief as the Court may deem just.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial of all issues triable by a jury.

Respectfully submitted this 21st day of August, 2013.

        WELLBORN, WALLACE & WOODARD, LLC

        /Kelly O. Wallace/
        _____
        Kelly O. Wallace
        Georgia Bar No. 734166
        Jamie P. Woodard
        Georgia Bar No. 775792

        WELLBORN, WALLACE & WOODARD, LLC
        1175 Peachtree Street NE
        100 Colony Square, Suite 300
        Atlanta, GA 30361
        Phone:      (404) 815-7714
        Fax:      (404) 815-9957
        E-mail:      Kelly@wellbornlaw.com
        E-mail:      Jamie@wellbornlaw.com

        Attorneys for Michael Henderson d/b/a
        Electrocord Publishing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HENDERSON ) <br> d/b/a Electrocord Publishing ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLE, INC., ) <br> ) <br>     Defendant. ) | Civil Action No. |

## RULE 7.1 CERTIFICATE OF
## COMPLIANCE WITH LOCAL RULE 5.1

This certifies that the foregoing <u>Complaint for Injunction and Damages</u> was prepared using 14 point Times New Roman font and accordingly complies with Local Rule 5.1.  This certificate is given in compliance with Local Rule 7.1(D).

This 21st day of August, 2013.

                WELLBORN, WALLACE & WOODARD, LLC

                /Kelly O. Wallace/
                _____
                Kelly O. Wallace
                Georgia Bar No. 734166

                WELLBORN, WALLACE & WOODARD, LLC
                1175 Peachtree Street NE
                100 Colony Square, Suite 300
                Atlanta, GA 30361
                Phone:                (404) 815-7714
                Fax:                  (404) 815-9957

E-mail: Kelly@wellbornlaw.com
E-mail: Jamie@wellbornlaw.com

Attorneys for Michael Henderson d/b/a
Electrocord Publishing